UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 18-124 (ADM/TNL)

UNITED STATES OF AMERICA,

        Plaintiff,        **GOVERNMENT'S POSITION ON SENTENCING FACTORS**

v.

CAMERON THOMAS CROWLEY,

        Defendant.

The United States of America, by and through its undersigned counsel, hereby submits its position on sentencing factors regarding Cameron Crowley. The United States respectfully asks the Court to impose a sentence of 5 years of probation, including the conditions of probation listed below, and an order of restitution to Crowley's victims.

## BACKGROUND FACTS

Cameron Crowley is a digital native, born just as the Internet began to pervade every part of American life. Crowley began to acquire significant programming skills around age 12. (PSR, ¶ 77). Crowley lived his life online, and that is where he committed many of his crimes. Throughout his adolescence, he taught himself multiple programming languages and techniques to penetrate web sites. When he finally came to the attention of law enforcement, he had already been a hacker for about 6 years. (PSR, ¶ 14).

In the spring of 2017, Crowley unlawfully obtained data from the State of Minnesota, including University 1 and an agency of the state government. (PSR, ¶¶ 8-13). He also targeted other organizations, including a school district and a university outside of

this state. (PSR, ¶ 15). In each case, Crowley used Structured Query Language (SQL) injection attacks, which allowed him to penetrate databases and obtain sensitive personal data from his victims' computer servers. The information Crowley took included many individuals' names, addresses, e-mail addresses, and similar information. (PSR, ¶¶ 10, 12).

Crowley posted the information he took from University 1 and the State of Minnesota agency to the open Internet, and then bragged about his activities on Twitter. For example, on June 18, 2017, Crowley (using the handle "Vigilance") tweeted "[University 1] hacked Always remain vigilant;)."

Crowley attempted to link his crimes to the acquittal of former Officer Geronimo Yanez, who shot and killed a Philando Castile during a traffic stop. For example, he wrote on June 22, 2017, "Let me introduce myself. I am Vigilance… I have attacked large Minnesotan targets for one purpose: Retaliation for Ex-Officer Yanez's acquittal." He also inflated his crimes in statements to the media, claiming he had many more victims and mischaracterizing the kinds of data he stole. *See* "Hacker, seeking justice for Philando Castile, breaks into Minnesota database," *Star Tribune*, Jun. 20, 2017, available at http://www.startribune.com/hacker-seeking-justice-for-philando-castile-breaks-into-minnesota-database/429721673/. Yet none of the people or institutions Crowley victimized had anything do to with Yanez, Castile, or the trial. Crowley's crimes simply gained him attention, while creating more victims and economic damage.

Further, Crowley's claims about the Yanez trial are belied by the timeline of the offenses in this case. Crowley committed the offenses charged in the Indictment on May 29, 2017, June 5, 2017, and June 16, 2017. *See* Doc. No. 48 at ¶ 2.c. Crowley attacked

University 1 *ten days* before the Yanez verdict, not in response to the jury's decision. He was not "retaliating" against the result of that trial, but merely seeking attention and fame for his offenses.

## SENTENCING GUIDELINES CALCULATION

The district court should begin by correctly calculating the applicable sentencing guidelines range. *Gall v. United States*, 552 U.S. 38, 49 (2007). The government agrees with the calculation of the offense level in the PSR and asks the Court to adopt that calculation and factual findings in the PSR as its own.

The parties agree on the Sentencing Guidelines calculations for Crowley's offense. The base offense level in this case is 6. Crowley's offense level is increased by 14 levels based on specific offense characteristics and pursuant to U.S.S.G. § 3B1.3, for his use of a special skill to commit his offense. *See* Doc. No. 48 at ¶ 6; PSR, ¶¶ 24-36. Factoring in acceptance of responsibility, Crowley's offense level is 17. *See Id*.

The parties contemplated a criminal history category of II; the PSR calculates it to be III. Thus the plea agreement calculates an advisory range of 27-33 months in prison while the PSR calculates a range of 30-37 months. However, because Crowley is pleading guilty to a misdemeanor offense, the maximum prison term in this case is 12 months. The parties have agreed to recommend a 5-year term of probation as the sentence in this case.

## SECTION 3553(a) SENTENCING FACTORS AND
## OTHER SENTENCING ISSUES

In addition to determining a defendant's sentencing guidelines range, 18 U.S.C. § 3553(a)(4), the Court is required to assess the other applicable sentencing factors of Section

3553(a). Those factors include the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant; to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment; the need to avoid unwarranted sentencing disparities; and the need to provide restitution to victims. *See* 18 U.S.C. § 3553(a).

## A.     A 5-year term of probation is appropriate in this case

In this case, the government recommends a sentence of 5 years of probation. Crowley's offense is a serious one, requiring the maximum term of probation under the statute. A 5-year term is necessary to reflect the nature and gravity of the crime.

This sentence will also afford adequate deterrence in this case, and protect the public from future crimes. Crowley will receive intensive supervision, preventing him from committing similar offenses in the future. In this case, for this defendant, probation will keep the public safe from more hacking crimes.

A term of probation will also permit Crowley to earn money for restitution payments to his victims. He can set aside a meaningful portion of every paycheck to help make his victims whole, and thereby rectify some of the damage he caused. In contrast, Crowley would earn very little in prison, which would make restitution much more difficult to achieve.

Finally, a term of probation will be Crowley's best chance to receive much-needed mental health and substance abuse treatment. As noted in the defense's sentencing submission, Crowley was out of control and trapped in a cycle of drug use and anti-social behavior at the time of his offenses. A probationary sentence will afford Crowley a wider range of meaningful treatment opportunities than a term of imprisonment can. This may be Crowley's best chance to avoid further mental health crises, and learn how to be a law-abiding adult.

**B.   The Court should impose a set of strict conditions for Crowley**

The specific terms of Crowley's probation will be key to his success. The Court should impose the following set of conditions on Crowley to ensure he remains law-abiding:

1. Home confinement, except for school, work, medical care, and other approved activities;
2. A work requirement;
3. Community service, in addition to the work obligation;
4. Drug and alcohol treatment (or aftercare programming, as deemed necessary by his treatment provider);
5. On-going mental health treatment;
6. A ban on possessing firearms and other dangerous weapons;
7. Strict computer use conditions;
8. A random search condition (including searches of electronic devices); and
9. Disclosure of his conviction to any prospective employer.

These conditions fit Crowley's history and characteristics, and are tailored to the kind of offense he committed. Here, computer conditions, a random search condition and employer notification are particularly important. To the extent Crowley ever has access to computers, he should be monitored to make sure he does not misuse them. Employer

notification will allow his workplace to supervise any computer access and prevent abuse of computers in that setting.

The work requirement will ensure Crowley can satisfy his restitution requirement and take steps to rehabilitate himself. The structure and responsibility a job brings are important ingredients in Crowley's return to society.

Finally, the government believes a community service condition is especially important for Crowley, so that he can learn how to make a positive impact on society, rather than meaningless, anti-social gestures like the crimes he committed. A community service obligation can be tailored to his beliefs about justice for marginalized communities, and form a significant part of his rehabilitation.

The government also recommends periodic reviews of the conditions, to ensure they meet Crowley's needs throughout his sentence.

**C.    Issues in dispute**

There are no factual or Sentencing Guidelines issues in dispute in this matter. The government does not foresee the need for an evidentiary hearing in this case.

**D.    Restitution**

The parties have agreed Crowley will make restitution to his victims. One victim has already presented a restitution request, as noted in the PSR. The government has contacted representatives of the State of Minnesota entities Crowley targeted, and understands they will also submit requests. Once the government has reviewed all restitution submissions, it expects to be able to resolve that issue prior to sentencing. In the event the parties have not determined an appropriate restitution amount at that time, the

government will request additional time to determine restitution, and may seek an evidentiary hearing.

## CONCLUSION

In this case, in consideration of all the sentencing factors, the government respectfully requests that this Court impose sentence of 5 years of probation, and an order of restitution. Such a sentence would be sufficient but not greater than necessary to accomplish federal sentencing goals with respect to this defendant.

Dated: June 13, 2019							Respectfully submitted,

ERICA H. MacDONALD
United States Attorney

s/*Katharine T. Buzicky*

BY: KATHARINE T. BUZICKY
Assistant United States Attorney